# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH S. KRUPA,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0831-24-0815-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE:  June 2, 2026 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph S. Krupa, Woodstock, Georgia, pro se.

Eva Ukkola, Kevin D. Alexander Sr., and Maureen A. Kersey,
　　Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the decision by the Office of Personnel Management (OPM) denying his eligibility to elect a survivor annuity under the Civil Service Retirement System (CSRS) for his spouse.  Generally, we grant petitions such as this one only in the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant does not dispute that he failed to elect a survivor annuity within 2 years of his post-retirement marriage, as required by 5 U.S.C. § 8339(k)(2)(A). Instead, on review, the appellant argues that there is "no evidence" that OPM met its statutory obligation to provide him with notice of the requirements for electing a survivor annuity. Petition for Review (PFR) File, Tab 1 at 5. Furthermore, he claims that he did not receive a copy of the evidence relied on by the administrative judge, specifically, a sworn affidavit from an OPM employee confirming that general notices regarding survivor elections were sent to all annuitants in December 2019 and December 2020, and a November 15, 2019 letter to the appellant advising him that he had 2 years from the date of his marriage to elect a survivor annuity.[2] *Id.* at 3-5; Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 3-4.

---

[2] The November 15, 2019 letter also had a section, completed by the appellant and signed on November 25, 2019, in which he crossed out the option to elect a survivor annuity. Initial Appeal File (IAF), Tab 4 at 22.

The documents identified by the appellant are contained within the agency file, a copy of which was mailed to him at the address listed in his initial appeal. IAF, Tab 1 at 1, Tab 4 at 92. The appellant does not assert that the address is incorrect or that he did not receive other filings that were sent to the same address. Further, the appellant has not otherwise challenged the contents of the documents or put forth any evidence supporting his conclusory assertions that he did not receive OPM's correspondence. *See Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380 (Fed. Cir. 1999) (explaining that, if OPM meets its burden of establishing that it sent the annuitant the statutorily required annual notice of the requirements for electing a survivor benefit, the burden then shifts to the appellant to put forth evidence establishing that he did not receive the notice).

Additionally, the appellant argues that he was not able to ask relevant questions during the hearing because OPM did not produce the employee who submitted the sworn affidavit. PFR File, Tab 1 at 4-6. However, the appellant did not request the employee as a witness, or request any witnesses, despite being afforded the opportunity to do so. IAF, Tab 5 at 2-3. Furthermore, to the extent that the appellant objects to OPM's failure to appear at the hearing,[3] the appellant did not raise any objection during the hearing or otherwise indicate that he did not wish to proceed. IAF, Tab 8-1, Hearing Recording. Regardless, the administrative judge has broad discretion to regulate the course of the hearing and to receive relevant evidence by accepting the affidavit in lieu of hearing testimony. 5 C.F.R. § 1201.41(b)(3); *see Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011). Furthermore, even if the appellant established that the administrative judge abused his broad discretion, he has not shown that the outcome of this appeal was affected. *See Thomas*, 116 M.S.P.R. 453, ¶ 4

---

[3] One week prior to the hearing, OPM filed a motion to reschedule the hearing due to the representative's preapproved leave. IAF, Tab 7 at 4. The administrative judge did not respond to the agency's request and held the hearing on the originally scheduled date. IAF, Tab 5 at 1.

(providing that, to obtain reversal of an initial decision based on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed). Accordingly, we discern no basis to disturb the initial decision.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] The agency filed an untimely response to the appellant's petition for review and, despite being afforded the opportunity to do so, did not show good cause for the 4-day filing delay. PFR File, Tabs 4-5. Accordingly, we decline to consider the agency's response.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.